UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | C.R. No. 15-48WES |
| : | |
| PAUL MONTEIRO : | |

**REPORT AND RECOMMENDATION**

Patricia A. Sullivan, United States Magistrate Judge.

Defendant Paul Monteiro has appealed *pro se*[1] from this Court's denial of his motion for compassionate release. ECF No. 82. In connection with his appeal, he has asked the Court for leave to prosecute the appeal *in forma pauperis* ("IFP") (ECF No. 85); that motion was referred to me. Because I recommend that the Court certify that Defendant's appeal is not taken in good faith pursuant to Fed. R. App. P. 24(a)(3)(A), I also recommend that the IFP motion be denied. Because denial of IFP status may be dispositive of the appeal, the IFP motion is addressed by this report and recommendation. Keselica v. Wall, No. CA 07-224 ML, 2007 WL 2126518, at *1 (D.R.I. July 23, 2007) (denial of IFP motion is functional equivalent of dismissal; magistrate judge should issue report and recommendation for final decision by district court).

**Background**

In May 2015, Defendant was arrested pursuant to a criminal complaint alleging sex trafficking of a child. ECF Nos. 1, 3. Defendant was found to be indigent and the Court appointed counsel for him. ECF No. 5; see ECF No. 4. On June 3, 2015, Defendant was indicted for three counts of sex trafficking of a child. ECF No. 9. Count I of the indictment alleged that Defendant acted in "knowing and in reckless disregard of the fact, and having a

---

[1] Because Defendant is *pro se*, I have interpreted his filings liberally. Instito de Educacion Universal Corp. v. U.S. Dep't of Educ., 209 F.3d 18, 23 (1st Cir. 2000).

reasonable opportunity to observe," that the victim was under the age of eighteen and would be caused to engage in a commercial sexual act. ECF No. 9 at 1.

Following the filing of a Plea Agreement, ECF No. 54, on October 6, 2016, Defendant appeared and entered a plea of guilty to Count I of the indictment. As the "Offense Conduct" supporting the plea was described in the Presentence Report (to which Defendant did not object), the child was fourteen at the time of the admitted conduct, Defendant spent time with her, and she told Defendant that she was seventeen. ECF No. 63 at 4-5; see ECF Nos. 63-1; 63-2; 81 at 2. At sentencing on August 7, 2017, the government argued for a sentence at the top of the guidelines range of 151-188 months. ECF No. 81 at 7. During sentencing, Defendant engaged in colloquy with the Court regarding the admitted conduct. Id. at 5-7, 26-30. He acknowledged that he understood that at least a ten-year mandatory minimum sentence was required. Id. at 6 ("10 years is, is just hard to deal with."). He reconfirmed his guilty plea. Id. at 5 ("Q: Are you still admitting to that conduct? A: Yes, sir."). He emphasized his acceptance of responsibility. Id. at 26-27, 30 ("I messed up . . . . I'm sorry . . . because of stupid stuff I did, mistake I made. . . . I'm just sorry."). And he did not object to the guidelines range calculation of 151-188 months of incarceration, which factored in a three-point downward adjustment in recognition of his acceptance of responsibility. Id. at 2-3.

The Court imposed an incarcerative sentence of 144 months in prison, which exceeds the ten-year mandatory minimum by two years, but is still well below the bottom of the applicable guidelines range of 151 months, and even further below the 188-month sentence for which the government advocated. ECF Nos. 67. This below-guidelines sentence triggered the term of Defendant's Plea Agreement providing for waiver of any right of appeal. ECF No. 81 at 35 (referencing ECF No. 54 ¶ 11). Defendant did not appeal. His motion pursuant to 28 U.S.C. §

Case 1:15-cr-00048-WES-PAS   Document 86   Filed 05/06/22   Page 3 of 9 PageID #: 407

2255 was filed on December 3, 2019; it argued only that counsel was ineffective because he failed to file an appeal despite Defendant's request; no basis for such an appeal was stated. ECF No. 73. The § 2255 motion was denied as untimely on June 8, 2020. ECF No. 76.

On January 5, 2022, Defendant presented to the warden of the facility where he is incarcerated a request for early release pursuant to 18 U.S.C. § 3582(c)(1)(A), which permits the modification of a sentence for "extraordinary and compelling reasons." ECF No. 78 at 2, 3, 9; see 18 U.S.C. § 3582(c)(1)(A)(i). As grounds, he alleged that his indictment had been defective but, instead of making what would have been a successful motion to dismiss it, he accepted responsibility and entered a plea of guilty. ECF No. 78 at 9. When he received no response from the Federal Bureau of Prisons within the appropriate period, Defendant filed a motion to modify/reduce the term of imprisonment in this Court pursuant to 18 U.S.C. § 3582(c)(1)(A), based on his "extraordinary acceptance of responsibility" despite the defective indictment, which alleged "know[ing] and a reckless disregard for" the minor victim's age. Id. at 3, 5 (referencing ECF No. 9 at 1) (emphasis added). Defendant contends that it is not logically possible for an individual to "have acted with knowledge and a reckless disregard for facts he had knowledge of." Id. at 5. He asserts that the indictment would almost certainly have been dismissed based on this defect had he challenged it and that his decision to forgo such a challenge constitutes extraordinary acceptance of responsibility, which is a mitigating factor to be considered at sentencing. Id. at 5-6. He concludes that this acceptance of responsibility is so extraordinary as to justify relief from the remainder of the sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). Id. at 3-9.

3

One day after it was filed, the Court denied the compassionate release motion by text order "because [Defendant] . . . failed to identify an extraordinary and compelling reason justifying modification of his sentence."  Text Order of Mar. 4, 2022.

On April 8, 2022, Defendant's appeal from the Court's decision was docketed.[2]  ECF No. 82.  Defendant subsequently filed a motion to proceed IFP in the First Circuit Court of Appeals; in it, he states the "issues on appeal" as: "DISTRICT COURT CLEARLY ABUSED ITS DISCRETION IN DENYING MOTION TO MODIFY TERM OF IMPRISONMENT UNDER 18 U.S.C. § 3582(c)(1)(A)."  ECF No. 85 at 1.  The First Circuit transmitted the IFP request to this Court for "action in the first instance."  United States v. Monteiro, No. 22-1265 (1st Cir. May 2, 2022).  The District Court referred the IFP application to me.

## Analysis

Although 18 U.S.C. § 3006A(d)(7) provides that "[i]f a person for whom counsel is appointed . . . appeals to an appellate court . . . , he may do so without the prepayment of fees and costs or security . . . and without filing the affidavit required by section 1915(a) of title 28," Fed. R. App. P. 24 adds the proviso that a "party who was permitted to proceed in forma pauperis in the district[]court . . . may proceed on appeal in forma pauperis without further authorization, unless . . . the district court . . . certifies that the appeal is not taken in good faith."

---

[2] The Court notes that the applicable appellate rule requires that a notice of appeal from an order in a criminal case must be filed within fourteen days of entry of the order, Fed. R. App. 4(b)(1)(A)(i), although the district court can extend the time for up to an additional thirty days upon a finding of excusable neglect or good cause.  Id. 4(b)(4).  In this instance, Defendant's notice of appeal was dated March 13, 2022, which would be timely, but it was not emailed to the Court for filing until April 8, 2022, which is outside the fourteen-day period, but still well within the additional thirty-day period.  In United States v. Gonzalez-Carro, Criminal No. 11-cr-45-14(RAM), 2021 WL 1914146 (D.P.R. May 12, 2021), the circumstances were similar and the First Circuit directed the district court to follow the guidance in United States v. Batista, 22 F.3d 492 (2d Cir. 1994), and to treat the untimely notice of appeal as a motion for an extension, which was granted in light of the limitations on the ability of a *pro se* inmate to get a timely notice filed.  Gonzalez-Carro, 2021 WL 1914146, at *1-2.  Mindful that this is an equitable exercise, id. at *2, and that it appears Defendant was timely in preparing his notice, stumbling only in getting it filed, I recommend that the Court *sua sponte* find excusable neglect and extend Defendant's time to file his appeal so that the notice is deemed timely.

Fed. R. App. P. 24(a)(3)(A). Rule 24 echoes 28 U.S.C. § 1915(a)(3), which provides that, "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). As this Court has explained,

> The good faith standard is an objective one, and an appeal is considered not taken in good faith if the appeal seeks review of issues that are frivolous. An appeal is deemed frivolous when it is based on an indisputably meritless legal theory or factual allegations that are clearly baseless.

Lyons v. Wall, C.A. No. 08-498 ML, 2010 WL 5562620, at *2 (D.R.I. Nov. 30, 2010) (internal quotation marks and citations omitted), adopted, 2011 WL 87345 (D.R.I. Jan. 10, 2011).

Because Defendant was found to be indigent by the Court, which appointed counsel and permitted him to proceed IFP at the outset of this case,[3] he may proceed IFP on appeal unless the Court finds and certifies that his appeal is not taken in good faith. See Fed. R. App. P. 24(a)(3)(A). That is, if the merit of his appeal passes muster, he is clearly eligible for IFP status.

Having reviewed Defendant's arguments in support of his compassionate release motion and the Court's denial of the motion, as well as his basis for appeal as stated in his IFP motion, I find that Defendant's appeal to the First Circuit, viewed objectively, is based on an indisputably meritless legal theory and is not taken in good faith for two independent reasons.

I pause to sketch in the pertinent legal background. The compassionate release statute provides that a district court's decision to grant or deny a compassionate release motion is discretionary. United States v. Saccoccia, 10 F.4th 1, 4 (1st Cir. 2021); see United States v. Concepcion, 991 F.3d 279, 292 (1st Cir.), cert. granted, 142 S. Ct. 54 (2021) ("whether resentencing would be appropriate [is] a matter of discretion," which was appropriately exercised based on determination that resentencing was not warranted in light of initial leniency). That is,

---

[3] Defendant subsequently retained an attorney; however, as explained at the sentencing hearing, the attorney was retained by his family, while Defendant himself was without assets or income. ECF No. 81 at 32.

the Court has "broad discretion in deciding whether to grant or deny a motion for a sentence reduction." United States v. Gileno, 448 F. Supp. 3d 183, 186 (D. Conn. 2020) (internal quotation marks omitted). And it is the defendant who must shoulder the burden of showing that he or she is entitled to a sentence reduction. United States v. Britton, 473 F. Supp. 3d 14, 16 (D.N.H. 2020).

The first reason why Defendant's argument for compassionate release is "indisputably meritless," Lyons, 2010 WL 5562620, at *2 (internal quotation marks omitted), is that Defendant's belated and undeveloped foundational argument – that he relinquished a viable argument that the use of "and" instead of "or" to connect "knowing" and "reckless disregard" of the victim's age, as alleged in Count I of the indictment, rendered it defective – is utterly unavailing on the merits.

The only case found that has directly considered this argument rejected it. See United States v. Slim, No. 5:17-CR-50126-JLV, 2020 WL 6036837, at *1, 7 (D.S.D. May 27, 2020) (court declines to dismiss sex trafficking indictment using phrase "knowingly and recklessly disregarding" because it properly charges a single offense with two alternative *mens rea* with respect to victim's age) (emphasis added), adopted, 2020 WL 3790681 (D.S.D. July 7, 2020). Further, considering the facts of this case, there was no risk of inconsistency or confusion caused by this phraseology; to the contrary, Defendant's conduct as described in the Presentence Report implicates both forms of *mens rea* in that the victim told Defendant (inaccurately) that she was seventeen (knowledge), as well as that she was actually only fourteen and Defendant had a reasonable opportunity to observe her (reckless disregard). See United States v. Thompson, 896 F.3d 155, 170 (2d Cir. 2018) ("The indictment in this case alleged that one of the two minor victims was *in fact* under the age of 14 and that [the defendant] *knew* she was under 18; by the

6

literal language of the statute, this charge is sufficient."). And to the extent that there was any risk of confusion, it would have been addressed in well-crafted jury instructions. See United States v. Kettles, 970 F.3d 637, 647, 648 & n.7 (6th Cir. 2020), cert. denied, 141 S. Ct. 924 (2020) (no error in jury instruction reflecting language of statute – "knowing, or . . . in reckless disregard" – based on indictment alleging "knowing and in reckless disregard" of victim's age; "[i]ndictments routinely include allegations that are either overinclusive or mere surplusage, and such 'useless averment[s]' can simply be ignored when crafting jury instructions and verdict forms") (emphasis supplied).

  In any event, if there had been a timely motion to dismiss and the Court somehow found this wording defective, it would have been promptly cured with a superseding indictment. And there was no timely motion – indeed, Defendant has never before challenged the wording of the indictment – so any potential defect is long since waived. See United States v. Troy, 618 F.3d 27, 34 (1st Cir. 2010) (argument that indictment fails to invoke court's jurisdiction or state offense is forfeited if it is not raised below). Further, defects in the indictment that do not deprive the court of its power to adjudicate the case are waived in any event when, as here, Defendant entered a guilty plea *and* signed an appeal waiver. United States v. Brown, 752 F.3d 1344, 1354 (11th Cir. 2014).

  In sum, Defendant's legal foundation for his compassionate release motion is simply wrong in that it is objectively plain that he did not forgo a viable motion to dismiss. The wording of the indictment was not defective and a motion to dismiss on this ground would likely have been denied, just as it was in Slim; if such a timely motion had been found to have merit, the defect would have been readily cured; and Defendant has long since waived any arguable defects in the indictment by his failure to raise them until now. As the Court held in summarily

7

denying Defendant's motion for compassionate release, his objectively meritless legal argument based on an alleged defect in one Count of the indictment is simply not "an extraordinary and compelling reason justifying modification of his sentence." Text Order of Mar. 4, 2022. Therefore, the Court's denial of the compassionate release motion does not amount to an abuse of discretion.

The second reason why Defendant's compassionate release motion is objectively frivolous is that his acceptance of responsibility was accepted and considered by the Court, which imposed a below guidelines term of imprisonment. In such circumstances, courts routinely find that acceptance of responsibility does not amount to an extraordinary and compelling reason warranting compassionate relief under § 3582(c)(1)(A). E.g., United States v. Evans, Case No. 4:08-CR-54, 2021 WL 111771, at *5 (E.D. Tex. Jan. 12, 2021); United States v. Banas, 505 F. Supp. 3d 816, 817 (N.D. Ill. 2020). As the court held in Evans, where, at sentencing, the defendant received a three-point guidelines reduction based on acceptance of responsibility (just as Defendant did), acceptance of responsibility "cannot constitute an 'other' reason for a reduction of his sentence at this time because [defendant] already received the benefit of such acceptance." 2021 WL 111771, at *5. At least one court has rejected an analogous argument as nothing more than an improper attempt to revisit the sentencing determination in the guise of a compassionate release motion. United States v. Lopez, Case No. 4:14-CR-28(17), 2022 WL 903928, at *5 (E.D. Tex. Mar. 28, 2022) (rejecting court's failure to grant reduction for acceptance of responsibility as basis for compassionate release).

A "compassionate release motion is not an opportunity to second guess or to reconsider the sentencing court's original decision." United States v. Roney, 833 F. App'x 850, 854 (2d Cir. 2020) (internal quotation marks omitted). Thus, the Court did not abuse its discretion in

summarily declining to find Defendant's acceptance of responsibility (despite an arguably flawed indictment) to be "an extraordinary and compelling reason justifying modification of his sentence." Text Order of Mar. 4, 2022. Defendant's appeal to challenge that determination is objectively frivolous.

## Conclusion

Based on the foregoing, I recommend that the Court *sua sponte* find excusable neglect to justify Defendant's delay in getting his notice of appeal timely filed and extend Defendant's time to file his appeal so that the notice is deemed timely. However, I also find that Defendant's appeal is not based on any cognizable legal theories or meritorious factual allegations and therefore is objectively frivolous and not taken in good faith. United States v. Graham, No. CR 13-132-01-ML, 2014 WL 468969, at * 4 (D.R.I. Feb. 6, 2014). Accordingly, I recommend that the Court certify that Defendant's appeal is not taken in good faith and deny Defendant's motion for leave to proceed IFP on appeal (ECF No. 85).

Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Crim. P. 59(b); DRI LR Cr 57.2(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and the right to appeal the Court's decision. See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
May 6, 2022